OPINION
{¶ 1} On August 12, 1996, a jury found appellant, Estella Sexton, guilty of one count of complicity to rape in violation of R.C. 2907.02/2923.03, one count of felonious sexual penetration in violation of R.C.2907.12, two counts of gross sexual imposition in violation of R.C.2907.05, one count of complicity to gross sexual imposition in violation of R.C. 2907.05/2923.03 and three counts of endangering children in violation of R.C. 2919.22(B)(2). Said convictions arose from numerous incidents of sexual abuse involving appellant's children. Appellant's husband, Eddie Sexton, Sr., contributed to the sexual abuse.
 {¶ 2} By judgment entry filed September 12, 1996, the trial court sentenced appellant to an aggregate term of life imprisonment.
 {¶ 3} Thereafter, appellant pled no contest to thirteen additional counts: two counts of rape, three counts of complicity to rape, one count of complicity to felonious sexual penetration, two counts of gross sexual imposition, two counts of complicity to gross sexual imposition, and three counts of child endangering. Again, all the counts involved appellant's own children.
 {¶ 4} By judgment entry filed November 1, 1996, the trial court found appellant guilty and sentenced her to an aggregate indeterminate term of thirteen to twenty-five years, to be served concurrently with the life sentence. A nunc pro tunc entry was filed on August 11, 1997.
 {¶ 5} These convictions were affirmed on appeal. See, State v. Sexton
(March 9, 1998), Stark App. No. 1996CA00306.
 {¶ 6} On December 6, 2004, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed December 21, 2004, the trial court classified appellant as a "sexual predator."
 {¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 8} "THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING."
 II {¶ 9} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR EXPERT WITNESS FEES."
 III {¶ 10} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDING AGAINST HIM ON EX POST FACTO GROUNDS."
 IV {¶ 11} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDING AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS."
 V {¶ 12} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS."
 VI {¶ 13} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE."
 I {¶ 14} Appellant claims the trial court's classification was inconsistent with the "clear and convincing evidence" standard of R.C.2950.09. We disagree.
 {¶ 15} In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction
(1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
 {¶ 16} R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2), in effect at the time, set forth the relevant factors the trial court was to consider in making its determination:
 {¶ 17} "(2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 18} "(a) The offender's age;
 {¶ 19} "(b) The offender's prior criminal regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 20} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 21} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 22} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 23} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 24} "(g) Any mental illness or mental disability of the offender;
 {¶ 25} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 26} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 27} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 28} Specifically, appellant argues there was a lack of evidence to find she is likely to commit sex offenses in the future.
 {¶ 29} In determining appellant to be a sexual predator, the trial court had before it the transcript of appellant's trial, the bill of particulars and the institutional sexual predator screening instrument. The trial court also heard testimony from the original investigating deputy, Steven Ready.
 {¶ 30} In its judgment entry of December 21, 2004, the trial court noted the offenses involved seven different children, some being less than thirteen years of age. Appellant had engaged in a continuing course of conduct from March 23, 1984 to November 21, 1992 which evidenced a pattern of abuse. In finding appellant was likely to commit future sexually oriented offenses, the trial court found the following:
 {¶ 31} "In reviewing all of the factors under R.C. 2950.09(B)(2) and in weighing the evidence presented, I find that the relationship between the Defendant and the victims; the ages of the victims, especially the ages in 1984; the approximately eight years of continuous and repeated conduct directed against the children; the cruelty perpetrated against the children by the very nature of the acts; and then the threats in addition to those acts, provides clear and convincing evidence that the offender is likely to commit future sexually oriented offenses." Judgment Entry filed December 21, 2004.
 {¶ 32} Upon review of the record, we find the trial court's conclusion is supported by competent, credible evidence and is not against the manifest weight of the evidence.
 {¶ 33} Assignment of Error I is denied.
 II {¶ 34} Appellant claims the trial court erred in denying her motion for an expert witness. We disagree.
 {¶ 35} The decision to provide a defendant with an expert at state expense is within the trial court's sound discretion. State v. Eppinger,91 Ohio St.3d 158, 2001-Ohio-247. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 36} Appellant argues because she has had no prior convictions, the offenses involved her own children, and she was now separated from her husband who influenced her actions, an expert would have helped in determining whether she was likely to engage in sexually oriented offenses in the future.
 {¶ 37} In denying appellant's request for an expert, the trial court held the following:
 {¶ 38} "The Defendant was found guilty by a jury of committing certain acts as a principal offender and as a complicitor. The Defendant was found guilty of eight counts of Sexual Misconduct, to include Rape, Rape with Force, and Felonious Sexual Penetration. The facts surrounding these acts were exceptionally brutal and extended over a period of approximately eight years. The victims were children.
 {¶ 39} "Relying on the jury's decision that Ms. Sexton acted with sufficient culpability to be found guilty as a principal offender, I find that the appointment of an expert witness is not now reasonably necessary to determine whether the Defendant would likely engage in similar conduct in the future. Further, even if I were to assume that such testimony was forthcoming, it would not be sufficient to alter my conclusion that the Defendant be classified as a sexual predator." See, Judgment Entry filed December 21, 2004.
 {¶ 40} Given the fact that the trial court considered possible expert testimony in a light most favorable to appellant and found such testimony would not change the nature of the evidence, granting appellant an expert witness would have been superfluous.
 {¶ 41} Upon review, we find the trial court did not abuse its discretion in denying appellant's motion for an expert witness.
 {¶ 42} Assignment of Error II is denied.
 III, IV, V, VI {¶ 43} This court has previously reviewed these arguments in State v.Royce Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222, State v. Earl Bair (February 1, 1999), Stark App. No. 1997CA00232, Frederick A. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, and State v. Bradley (March 29, 1999), Licking App. No. 98CA16. We hereby adopt and incorporate the corresponding assignments of error from these opinions herein.
 {¶ 44} Assignments of Error III, IV, V and VI are denied.
 {¶ 45} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J. Hoffman, P.J. and Reader, V.J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.